Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
Laura Fleming, Bar No. 219287
lf@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendants ABM
INDUSTRY GROUPS. LLC and ABM
FACILITY SUPPORT SERVICES. LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CERVANTES, all individuals, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ABM INDUSTRY GROUPS. LLC, a Delaware Limited Liability Company; AMPCO SYSTEM PARKING, a business entity of unknown form; ABM FACILITY SUPPORT SERVICES, LLC, a Delaware Limited Liability Company; ABM/ABM FACILITY SUPPORT SERVICES, LLC, a Limited Liability Company, state of incorporation unknown; ERICH, VACA, an Individual; GUSTAVO QUINTERO, and Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00168<br><br>[Removed from Los Angeles Superior Court, Case No. 21STCV43302]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 29 U.S.C. § 185(a); 28 U.S.C. § 1441(a); 28 U.S.C. § 1331.**<br><br>[Filed Concurrently with Supporting Declarations of Coyya Brown and Sean A. O'Brien; Request for Judicial Notice, and Supporting Exhibits] |

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION – FEDERAL QUESTION JURISDICTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE,** pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), Defendants ABM Industry Groups, LLC ("ABM" or "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. Plaintiff originally filed his Complaint in the Superior Court for the County of Los Angeles on or about November 24, 2021. (*See* **Declaration of Sean A. O'Brien ("O'Brien Decl."), ¶¶s 1-2, Ex. A attached thereto.**)

2. Plaintiff alleges that Defendants wrongfully terminated and intentionally inflicted emotional distress on him by, among other things, selecting him for layoff and thereafter failing to re-hire him, in violation of the "seniority" provisions of the Collective Bargaining Agreements of which he is a union member. he also alleges that he was not reimbursed for his "uniforms," which is also governed by a provision in his CBAs. (*See* **Compl. at ¶¶s 26, 34117; Declaration of Coyya Brown ("Brown Decl."), ¶¶s 3, Exs. A & B attached thereto** .) As a result, this Court has complete federal question jurisdiction over this entire action (including the supplemental state law claims not subject to the CBAs) pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See Garcia v. Rite Aid Corp.*, No CV 17-02124 BRO (SKx), 2017 WL 1737718, at *5-10 (C.D. Cal. May 3, 2017).

## II. FEDERAL QUESTION JURISDICTION EXISTS UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a)

3. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

4. This action arises under the laws of the United States, and Defendants is authorized to remove this action to this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), because Plaintiffs have filed an action that requires the interpretation and application of the terms of two collective bargaining agreements ("CBAs") governing Plaintiff's claims.

5. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Any such action may be removed to the District Court if it is originally filed in a state court. 28 U.S.C. § 1441(a).

6. It is well-established that Section 301 preempts and replaces all state-law causes of action that require the court to interpret or apply the provisions of a collective bargaining agreement. *Allis-Chalmers Corporation v. Lueck*, 471 U.S. 202, 220 (1985); *Columbia Export Terminal, LLC v. Int'l. Longshore and Warehouse Union*, -- F.4th -- , 2022 WL 39846, at *3 (9th Cir. Jan. 5, 2022); *Moreau v. San Diego Transit Corporation*, 210 Cal. App. 3d 614, 622 (1989); *see* 29 U.S.C. § 185(a).[1] "The preemptive force of Section 301 is so powerful that it

---

[1] Section 301(a) provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction

displaces entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). Accordingly, "claims that implicate a collective bargaining agreement must be construed as a § 301 claim and adjudicated under federal labor law or be dismissed as preempted." *Schlacter-Jones v. General Tel. of California*, 936 F.2d 435, 439 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

7. Both federal and California courts have recognized that Section 301 serves the compelling purpose of avoiding inconsistencies in the interpretation of labor contracts: "In order to achieve uniformity in the interpretation of such agreements and consistent resolution of labor-management disputes, federal law governs such suits whether brought in state or federal court. *In order to assure this uniformity, the preemptive strength of Section 301 is extraordinarily strong.*" *Moreau*, 210 Cal. App. 3d at 622 (emphasis added); *Columbia Export Terminal*, -- F.4th -- , 2022 WL 39846, at *4-5; *Schlacter-Jones*, 936 F.2d at 439, n. 3 ("[N]ational labor policy requires that the collective bargaining relationship be defined by the application of an evolving uniform federal law"). Accordingly, Plaintiffs' state law claims are necessarily preempted if their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) ("Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement."); *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are

---

of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

preempted.'").

8. The Ninth Circuit has articulated a two-part test used to determine whether a cause of action is preempted by Section 301. *Columbia Export Terminal,* -- F.4th -- , 2022 WL 39846, at *4; *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Columbia Export Terminal,* at 2022 WL 39846, at *4; *Burnside at* 1059. If the right exists solely as a result of the CBA, then the claim is preempted, and the court's analysis ends. *Id.* at  If, however, the right exists independently of the CBA, the court must still consider whether resolving the dispute is nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id.* If such dependence exists, then the claim is preempted by Section 301. *Columbia Export Terminal,* 2022 WL 39846 at *4; *Burnside* at 1060.

9. Under the Ninth Circuit rule, Plaintiffs' state law claims for wrongful termination and intentional infliction of emotional distress are necessarily preempted because their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera,* 223 F.3d at 1014 ("Section 301 of the LMRA preempts state law . . . claims that are substantially dependent on an interpretation of a collective bargaining agreement"). For example, state law claim for intentional infliction of emotional distress (which is being asserted here – *see* Compl. at ¶¶s 130-135) in connection with his alleged termination are preempted if it requires interpretation of a CBA. *See Newberry,* 854 F. 2d at 1148 (claims for IIED were incidental to wrongful termination claim; whether alleged termination was "wrongful" depended on whether CBA provided ground for discharge); *Cook v. Lindsay Olive Growers*, 911 F. 2d 233, 239 (9th Cir. 1990); *Garcia,* 2017 WL 1737718, at *6-7 (plaintiff's IIED claim, which was based, in part, on preempted wrongful discharge claim under CBA, also preempted).

10. More importantly, where the CBA contains specific and explicit

grievance and arbitration procedures that contains explicit language requiring arbitration of specified claims, and waiving a plaintiff's right to pursue such claims in a judicial forum, Section 301 is implicated and provides a basis for federal question removal. See *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80-81, 119 S. Ct. 391 (1998); *Columbia Export Terminal,* -- F.4th -- , 2022 WL 39846, at *6 ("The Supreme Court has enforced arbitration requirements in § 301 cases when resolution of the claims required interpretation of the CBA, regardless of the form of the claim"); *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 817 (C.D. Cal. 2020); *Buck v. Cemex, Inc.*, No. 1:13-CV-00701-LJO, 2013 WL 4648579, at *6-7 (E.D. Cal., Aug. 29, 2013) (denying remand and finding that CBA grievance procedures included binding arbitration for employee meal break disputes, resulted in state law claims that were preempted under Section 301).

### III. AT LEAST TWO OF THE CLAIMS ASSERTED REQUIRE INTERPRETATION AND ANALYSIS UNDER APPLICABLE CBAs, THEREBY GIVING RISE TO SECTION 301 PREEMPTION AND FEDERAL QUESTION JURISDICTION

11. Throughout the relevant time period set forth in the Complaint, Plaintiff, was employed as a parking attendant by defendant ABM Industry Groups, LLC, located at 550 S. Hope Street in Los Angeles, California, and was, a union member subject to two collective bargaining agreements ("CBAs"). **(*See* Complaint at ¶¶s 16-17; Brown Decl., ¶¶s 1-3, Exs. A & B attached thereto;** *see also* **ABM's Request for Judicial Notice, ¶¶s 1 & 2, Exs. A & B attached thereto, both filed under separate cover concurrently herewith.)**[2]

12. Where there is a collective bargaining agreement between an employer

---

[2] While accepting the allegations for purposes of this Removal Petition, Defendants note that Plaintiff has <u>never</u> been employed by named (and served) defendant ABM Facility Support Services, LLC, which has nothing to do with Defendants' parking services business, and also that named (and unserved) defendant AMPCO Parking System, ceased to exist as of January 1, 2017, when its parking operations were merged into defendant ABM Industry Groups, LLC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-6-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION – FEDERAL QUESTION JURISDICTION

and a union, state law claims requiring interpretation of the terms of that agreement are preempted by the exclusive federal jurisdiction of the LMRA. *Allis-Chalmers Corp.*, 471 U.S. at 213; *Cramer,* 255 F.3d at 689-90. That a plaintiff has not framed his or her complaint so that it explicitly refers to a collective bargaining agreement will not defeat federal preemption.[3] *International Bhd. of Elec. Workers, AFL-CIO v. Hechler,* 481 U.S. 851, 859, n. 3 (1987); *Cook,* 911 F.2d at 237.

13. Specifically, parking attendant employees, like Plaintiff, that work at parking garage locations in Los Angeles California for ABM are union members of the Master Parking Agreement Between the United Parking Employer's Council (of which ABM is a party) and Teamsters Local 911 Service Workers ("Union"). They are governed by and subject to the two collective bargaining agreements between the Union and ABM, and other union signatories, the first of which was effective June 1, 2015 through May 31, 2020, and the subsequent successor CBA, effective June 1, 2020 through May 31, 2025 (hereinafter the "CBAs"). (***See* Brown Decl., ¶¶s 1-3, Exs. A & B, attached thereto;** *see also* **Request to Take Judicial Notice, ¶¶s 1 & 2, Exs A & B.)**

14. Article 12 of the CBA contains detailed provisions governing the issuance of "uniforms, as well as the amounts that ABM can charge and retain as "uniform deposits." It further discusses the agreed-upon procedures of how ABM can collect these uniform deposits, the maximum amounts allowed, and the

---

[3] A court may take judicial notice of a fact that is not reasonably disputed if it "can accurately and readily be determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). CBAs are considered proper material for judicial notice. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187,1193-94 (C.D. Cal. 2015); *Alcala v. Republic Bag, Inc.*, No. EDCV 18-272 JGB (SHKx), 2018 WL 1633588, at *1, n.2 (C.D. Cal. Apr. 3, 2018) (granting a request for judicial notice of a CBA in considering a motion to remand, which addressed § 301 preemption); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (granting a request for judicial notice of three CBAs brought in conjunction with a motion to dismiss, but then also relying upon the CBAs in simultaneously addressing a motion to remand, which addressed § 301 preemption); *Frieri v. Sysco Corp.,* No. 16-CV-1432 JLS (NLS), 2016 WL 7188282, at *2 (S.D. Cal., Dec. 12, 2016).

-7-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION – FEDERAL QUESTION JURISDICTION

circumstances of how the uniform deposits will be returned when the employee terminates his employment. (*See* **CBAs at pp. 7- 8, at Brown Decl., ¶¶s 3-4, Exs. A & B**.)

15. Article 13.A. of the CBAs defines the term "Seniority" as being based on the anniversary date of employment or at the location of employment, whichever is longer, for all employees covered by this [CBA}Agreement. Article 13.B. of the CBAs then contain specific and identical provisions governing "Seniority" of union members, and its application "[i]n the case of layoffs, reductions in staff, filling a position in the garage and transfers." (*See* **CBAs at p. 8, at Brown Decl., ¶¶s 3-4, Exs. A & B**.)

16. Article 7 of the CBAs sets forth a three-step "Grievance and Arbitration" procedure. The contractually agreed-upon CBA process sets forth time limits to for the employee to initiate the arbitration process, expressly includes "discharge grievances," and states that "[t]he decision of the arbitrator shall be binding and final." The term "grievance" is defined "***as a dispute over the interpretation or implementation of any of the terms of this Agreement***." (Emphasis added.) (***Id***; **emphasis added; CBAs at pp. 4-5; Brown Decl., ¶¶s 3, 5, Exs. A & B**.)

17. On or about April 23, 2020, Plaintiff was notified in letter sent to him and the union of his lay-off per the CBAs, based on his seniority, due to the COVID pandemic. Both he and the union were provided written notice of his selection for layoff and reason for the layoff. (**Brown Decl., ¶ 6, Ex. C; Request to Take Judicial Notice, ¶ 4, Ex. D attached thereto.**)

18. The layoff notice letter sent to Plaintiff states that "[d]ue to the current the "unprecedented situation involving the Coronavirus pandemic, ABM is required to reduce staff at your work location." …. "Staff reductions were conducted by "seniority" within job categories [per the CBA], with the newest employees selected first for layoff." The letter goes on to state, "When ABM is in a position to ramp-up

operations, we will recall employees to return to work, in reverse seniority, with the most senior employees recalled first, and least senior recalled last." Plaintiff's current status with ABM is "Furlough Without Pay." (**Brown Decl., at ¶¶s 7-8, Ex. C; Request to Take Judicial Notice, ¶ 4, Ex. D**.)

19. In his Complaint, at Paragraph 26, Plaintiff alleges he was "wrongfully terminated in April 2020 "on the pre-text that his termination was a 'lay off' related to the ongoing COVID-19 pandemic" and that Defendants "did not rehire Plaintiff despite his seniority within the company, which exceeded other persons that were returned to work, but ABM proceeded to hire younger employees who did not have any disability or work restrictions." (*See* **Compl. at ¶ 26**.)

20. In addition, in his Complaint Plaintiff has separate allegations and a separate claim pertaining to alleged non-reimbursement for uniform expenses. (***See* Compl., ¶¶s 34, 194-196.**)

21. Therefore, the provisions of the CBAs are directly implicated. *See Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1147-48 (N.D. Cal. 2019) (claims for common law wrongful termination preempted under Section 301 based on provision of CBA). And the Complaint is preempted by Section 301 because the agreed-upon resolution of his claim depends upon an analysis of the CBAs. *See Franchise Tax Bd. v. Construction Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983) (explaining that Section 301 claims are "purely a creature of federal law"); *Sprewell v. Golden State Warriors*, 231 F.3d 520, 529 (9th Cir. 2000) (holding that state claims are preempted by Section 301 when they involve an analysis of whether the employer conformed with a collective bargaining agreement).

IV. **THE SERVED DEFENDANTS HAVE COMPLIED WITH TIMELINESS AND OTHER PROCEDURAL REQUIREMENTS FOR**

**REMOVAL**

22. Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty days of the time when Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC first became aware that it was removable. *See* 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

23. In this case, the time for removal started on December 13, 2021—the date Plaintiff served the Complaint on the registered agent of two of the named corporate Defendants, ABM Industry Groups. LLC and ABM Facility Support Services, LLC. (***See* O'Brien Decl., ¶ 4, Exs. C & D, attached thereto.**) The served Complaint provided information from which these two named Defendants could first ascertain that a State Court Action had commenced, that removal was appropriate, and the case was one which had become removable.

24. Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC thereafter filed an Answer in the State Court Action on January 6, 2022. **(O'Brien Decl., ¶ 5, Ex. E.)**

25. Accordingly, removal of the action within thirty (30) days of Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC being served with the Complaint in the State Court Action is timely.

26. The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

27. Upon filing the Notice of Removal, Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC will furnish written notice to

Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

28. All "process, pleadings, and orders" file by in the State Court Action and/or served upon Defendants—consisting of the (i) initial Summons and Complaint; (ii) Notice of Case Management Conference issued by the Court; and (iii) Proof of Service for Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC; (iv) the Answer filed by Defendants in the State Court Action, are attached as exhibits "A" through "E" to the Index of at the back of this Notice and Petition, and also as Exhibits "A" through "E" to the Declaration of Sean A. O'Brien, at ¶¶s 1-4, filed concurrently herewith under separate cover.

29. Defendants ABM Industry Groups. LLC and ABM Facility Support Services, LLC are unaware of any other named defendants who have been served or who have appeared in the State Court Action. (**O'Brien Decl., ¶ 6, Ex. F, attached thereto.**) Therefore, their consent or joinder in this removal petition is not required. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Canty v. Providence Health System-Southern California.* No. LA CV 20-03347 JAK (JPRx), 2020 WL 5701761, at *2-4 (C.D. Cal. Sept. 23, 2020).

## V. SUPPLEMENTAL JURISDICTION EXISTS OVER STATE LAW CLAIMS AND REMOVAL OF THE ENTIRE ACTION IS PROPER

30. Pursuant to 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction over claims that do not "arise under" federal law if the claims in question are related to at least one substantial federal claim subject to original jurisdiction. The supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there[.]" *City of Chicago v. International Coll. of Surgeons*, 522 US 156, 165 (1997).

31. In this case, all of Plaintiff's claims arise directly out of the same "common nucleus of operative facts," because they all relate to Plaintiff's employment with Defendants, including his alleged coomon law tort claims and his

state law FEHA and wage and hour claims under the Labor Code. *See Watkins v. Woodridge Prods., Inc.*, No. CV 19-5821 PSG (MAAx), 2020 WL 949513, at * 6 (C.D. Cal. Feb. 27, 2020); *Garcia*, 2017 WL 1737718, at *8-9 (even though plaintiff's state law FEHA and Labor Code claims not normally are preempted, where wrongful discharge and IIED claims in same action are preempted under CBA, the court has jurisdiction over the entire action). Thus, Plaintiff's claims would normally be tried in a single judicial proceeding. The entire action is therefore removable under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

32. Moreover, as the Supreme Court has noted, "when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago,* 522 U.S. 156.

33. Here all three factors weigh in favor of supplemental jurisdiction. First, litigating *all* of Plaintiff's claims in federal court is the most efficient (judicially economic) option. *See Somers v. Digital Realty Tr., Inc.*, No. C-14-5180 EMC, 2015 WL 4481987, at *4 (N.D. Cal. July 22, 2015) (holding that requiring Plaintiff to concurrently litigate similar causes of action in State Court and Federal Court would not be efficient or fair).

34. Second, litigating this matter in federal court in the City of Los Angeles (the same city in which the State Court Action was filed) would not create an inconvenient result. *See Reed v. Sandstone Props., L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912, at *10 (C.D. Cal. Apr. 2, 2013) (No inconvenience where State and Federal Court reside in the same city).

35. Third, the issue of comity does not tip the balance in favor of declining supplemental jurisdiction. There are no "important unsettled issues of California law" to be decided, and this Court's decision as to any of Plaintiff's causes of actions will not step on the toes of any state court interpretations of alleged

-12-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION – FEDERAL QUESTION JURISDICTION

discrimination, retaliation, harassment, denial of uniterrupted meal breaks, or inflicition of emotional distress.

## VI. NON-WAIVER OF DEFENSES

36. Nothing in this Petition and Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, defenses available under Rule 12 of the Federal Rules of Civil Procedure or any other defense available under any statute or law or in equity.

37. By removing this action, Defendants do not admit any allegations in Plaintiff's Complaint. Defendants dispute Plaintiff's allegations, believe the Complaint lacks merit, and deny that Plaintiff has been harmed in any way by any act or omission of Defendants.

## VII. CONCLUSION

38. For the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Accordingly, this action is removable under 28 U.S.C. § 1441. Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

WHEREFORE, Defendants ABM INDUSTRY GROUPS, LLC hereby respectfully removes this action from the Superior Court of California in and for the County of Los Angles to this United States District Court for the Central District of California.

DATED: January 7, 2022.           PAYNE & FEARS LLP
                                  Attorneys at Law


                                  By:    /s/ Sean A. O'Brien
                                         SEAN A. O'BRIEN

                                  Attorneys for Defendants ABM
                                  INDUSTRY GROUPS, LLC and ABM
                                  FACILITY SUPPORT SERVICES. LLC.

# INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
| --- | --- |
| EXHIBIT "A": | Summons and Complaint filed by Plaintiff on November 24, 2021, in Los Angeles Superior Court ("State Court action") |
| EXHIBIT "B": | Notice of Case Management Conference, dated December 7, 2021, issued by the in the State Court Action for Case Management Conference set for May 13, 2022. |
| EXHIBITS "C" & "D": | Proofs of Service of the Summons and Complaint Plaintiff served December 13, 2021. on the registered agent of Defendants ABM INDUSTRY GROUPS, LLC and ABM FACILITY SUPPORT SERVICES. LLC |
| EXHIBIT "E": | Answer of Defendants ABM INDUSTRY GROUPS, LLC and ABM FACILITY SUPPORT SERVICES. LLC, filed in the State Court Action on or about January 6, 2022. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100